# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

KAREEM JACKSON,

      Petitioner,

v.

                                     **Case No. 2:03-cv-983**
                                       **JUDGE GEORGE C. SMITH**
                                     **Magistrate Judge Terence P. Kemp**

MARGARET BRADSHAW, Warden,

      Respondent.

## OPINION AND ORDER

Final judgment dismissing this capital habeas corpus petition was entered on September 28, 2007. (ECF No. 57.) This matter is before the Court on Petitioner's Motion for Reconsideration of the Court's Opinion and Order Denying Authorization to Appear in Ancillary State Court Litigation. (ECF No. 114.)[1] Also before the Court are Respondent's Opposition (ECF No. 115) and Petitioner's Reply (ECF No. 116).

The habeas corpus proceedings that Petitioner initiated in 2003 were fully completed in March 2013. (ECF Nos. 94 and 95.) Petitioner has no habeas corpus proceeding currently pending before this Court.

On February 27, 2013, the Court issued an Order appointing the Capital Habeas Corpus Unit ("CHU") of the Northern District of Ohio as advisory counsel for the purpose of assisting Assistant Ohio Public Defender Kathryn Sandford in preparing for Petitioner's clemency proceedings. (ECF No. 91.) Petitioner had argued that the CHU would provide experience,

---

[1] The document docketed as ECF No. 114 is a corrected version of a motion originally filed as ECF No. 113. Because ECF No. 114 essentially replaces ECF No. 113, the Court will

resources, and expertise to Petitioner's pursuit of clemency. In granting Petitioner's request, the Court made note of the representation of CHU attorney Alan Rossman that appointing CHU for that purpose would not involve the expenditure of any additional funds.[2] (ECF No. 90-2.)

Petitioner, who continues to be represented by the Ohio Public Defender's Office as co-counsel, filed a Motion for Authorization to Appear in Ancillary State Court Litigation. (ECF No. 107.) Petitioner sought authorization for the CHU of the Northern District of Ohio "to represent him in state court so that he may exhaust an actual innocence claim developed by federal clemency counsel as well as new claims pursuant to *Hurst v. Florida*, 136 S.Ct. 616 (2016)." (ECF No. 107, at PageID 1340.) Petitioner explained that through state counsel, he had initiated successor postconviction proceedings in state court based on evidence of actual innocence uncovered by federal counsel during clemency preparation. (ECF No. 107-1.) Asserting that the recent Supreme Court decision of *Hurst v. Florida* invalidates Ohio's capital sentencing scheme by allowing the trial court, rather than the jury, to make the factual findings necessary to sentence Petitioner to death, Petitioner also filed in the trial court a Motion for Leave to File a Motion for a New Mitigation Trial Pursuant to Criminal Rule 33 (ECF No. 107-2) and with the Ohio Supreme Court a Motion for Relief Pursuant to Supreme Court Rule of Practice 4.01 (ECF No. 107-3).

The Court denied Petitioner's motion, concluding that neither § 3599(e) nor *Harbison* provided authorization for the appointment that Petitioner sought. (ECF No. 112.) Fatal to Petitioner's request, in this Court's view, was the procedural posture of Petitioner's habeas corpus case vis-à-vis the proceedings for which he sought appointment of federal clemency

---

direct the Clerk to terminate ECF No. 113 as moot.

counsel.  That is, the proceedings for which Petitioner sought federally appointed counsel were more properly characterized as entirely new judicial proceedings aimed at setting aside the state-court judgment against him on state law grounds, rather than a stage subsequent to his original habeas corpus proceedings.  Case law persuaded this Court that § 3599(e) authorizes appointment for the latter but not the former.

Petitioner seeks reconsideration of this Court's decision, reasoning that "the claims Petitioner is pursuing in his successor post-conviction petition arose from undersigned counsel's clemency preparation, which is ongoing.  (ECF No. 114, at PageID 1493.)  "In this regard," Petitioner continues, "the state court litigation that arose directly from counsel's clemency investigation is properly viewed as a stage subsequent to counsel's clemency representation insofar as the claims being litigated in state court were developed by clemency counsel's ethically mandated factual investigation and will be integral to Petitioner's clemency presentation, which is not yet concluded."  (*Id*. at PageID 1494.)

Motions for reconsideration are generally disfavored unless the moving party demonstrates:  (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority.  *See, e.g., Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (1998).  "Courts should not reconsider prior decisions where the motion for reconsideration either renews arguments already considered or proffers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue."  *Hamilton v. Gansheimer*, 536 F. Supp. 2d 825, 842 (N.D. Ohio 2008) (citing *Playa Marel, P.M., S.A. v. LKS Acquisitions, Incorporated*, 2007 WL

---

[2]   The same assertion was made here (ECF No. 110, at PageID 1445, n. 4.)

3

3342439, *2 (S.D. Ohio 2007)).

Section 3599(a)(2), Title 18 of the United States Code, authorizes the Court to appoint "one or more attorneys" to represent a defendant attacking a state sentence of death in federal proceedings. Section 3599(e) defines the scope of appointment under § 3599(a) as follows:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

In *Harbison v. Bell*, 556 U.S. 180, 182-83, 185-86 (2009), the Supreme Court held that § 3599(e)'s reference to "proceedings for executive or other clemency as may be available to the defendant" encompasses state clemency proceedings. The Supreme Court rejected arguments that the statute was intended to furnish representation in only federal proceedings and further made clear that counsel's representation pursuant to the statute includes only those proceedings transpiring subsequent to his or her appointment. *Id*. at 188. The Supreme Court also rejected the Government's argument that the Court's interpretation of the statute would require a lawyer who succeeded in setting aside a death sentence during postconviction proceedings to represent that client during an ensuing state retrial, noting that "[w]hen a retrial occurs after postconviction relief, it is not properly understood as a 'subsequent stage' of judicial proceedings but rather as the commencement of new judicial proceedings." *Id*. at 189. Finally, the Supreme Court noted that Congress's decision to furnish counsel for state clemency proceedings showed recognition of the importance of clemency in Anglo-American jurisprudence and of the manner in which the

duties counsel performs in habeas corpus can provide the basis for a persuasive clemency application. *Id*. at 193.

The Court of Appeals for the Sixth Circuit set forth its interpretation of *Harbison* in *Irick v. Bell*, 636 F.3d 298 (6th Cir. 2011). There, a Tennessee inmate sentenced to death requested federal counsel pursuant to § 3599 in order to pursue in state court a writ of *error coram nobis* based on evidence discovered during federal habeas corpus proceedings, a reopening of state postconviction, a competency-to-be-executed process, and clemency proceedings. The district court had granted the appointment as to only the clemency proceedings, and Petitioner appealed. The Sixth Circuit affirmed the district court's refusal to appoint federal counsel for the competency proceedings, noting that Tennessee law provided for adequate representation for those proceedings. As for the district court's refusal to appoint federal counsel for reopening of state postconviction, the Sixth Circuit agreed that *Harbison* explicitly limited § 3599 representation to exclude state habeas and other proceedings not subsequent to the original appointment and that the state postconviction proceedings Irick sought to pursue were not a stage subsequent to habeas corpus but rather the commencement of new judicial proceedings. The Sixth Circuit explained, "Irick is not attempting to exhaust a claim in the state courts for the purpose of later presenting it in federal court; rather, he is re-opening a state judgment on state-law grounds." *Id*. at 292. "Section 3599," the Sixth Circuit continued, "does not authorize federal funding for this type of proceeding." *Id*. *See also Gray v. Warden, Georgia Diagnostic Prison*, 686 F.3d 1261, 1273-74, 1277 (11th Cir. 2012) (holding that although § 3599(e)'s language is broad the Supreme Court in *Harbison* found certain limitations and that footnote 7 in *Harbison* described a mixed petition scenario in which certain claims required state-court

exhaustion for the purpose of later being presented in a habeas corpus action on hold.)

In seeking reconsideration, Petitioner argues that the authorization he seeks "does not contravene either *Harbison v. Bell*, 556 U.S. 180 (2009), or *Irick v. Bell*, 636 F.3d 298 (6th Cir. 2011)[,]" because neither is directly on point. (ECF No. 114, at PageID 1493.) "Although no court has spoken directly on the issue," Petitioner continues, "*Harbison* and *Irick* seem to support this understanding of clemency counsel's role in favor of authorizing clemency counsel to participate in state court litigation of claims interrelated with counsel's clemency representation." (*Id*. at PageID 1495.) Petitioner points to language in *Harbison* recognizing that clemency is deeply rooted in our Anglo-Saxon tradition of law, and asserts that *Irick* did not speak to clemency counsel's participation in already-initiated and on-going state collateral proceedings arising directly from evidence gained through clemency counsel's clemency representation. (*Id*.) With respect to this Court's determination that " '[c]haracterizing a proceeding as affecting clemency efforts going forward . . . would effectively extend § 3599 to virtually any other proceeding or process, which would fly in the face of *Harbison* and *Irick*,' " (ECF No. 114 at PageID 1495 (quoting ECF No. 112, at PageID 1483-1484)), Petitioner insists that "in a narrow circumstance such as this were the state litigation is none other than federal counsel's clemency presentation adapted for state court litigation, the authorization for federal counsel to participate in the state court proceedings does not impermissibly expand § 3599 representation." (ECF No. 114, at PageID 1495-1496.) "Rather," Petitioner emphasizes, "allowing clemency counsel's participation will ensure that Petitioner's state clemency representation guaranteed by § 3599 and *Harbison* is carried out unobstructed by an inability to participate in the development of claims that form the foundation of the Petitioner's clemency

effort." (*Id.* at PageID 1496.)

Petitioner does not assert a manifest error of law, newly discovered evidence, or intervening authority. Rather, he disagrees with this Court's interpretation and/or application of *Harbison* and *Irick*. That is an argument more suited for appeal, not a motion for reconsideration.[3]

For the foregoing reasons, Petitioner's Motion for Reconsideration of Court's Opinion and Order Denying Authorization to Appear in Ancillary State Court Litigation (ECF No. 114) is **DENIED**. The Court further **DIRECTS** the Clerk to **TERMINATE** ECF No. 113 as moot, since ECF No. 114 essentially replaces ECF No. 113.

**IT IS SO ORDERED.**

*s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] In her Opposition, Respondent argues simply that the Sixth Circuit in *Baze v. Parker*, 632 F.3d 338, 341-45 (6th Cir. 2011), expressly rejected the premise that the power of the Court to appoint counsel for state clemency under *Harbison v. Bell*, 556 U.S. 180 (2009), extends to contemporaneous state post-conviction/habeas proceedings. (ECF No. 115, at PageID 1498.) Petitioner disputes that characterization of the holding in *Baze*. (ECF No. 116.) Although the Court is not entirely persuaded that Respondent's is an accurate characterization of the holding in *Baze*, the Court need not resolve that issue in view of its decision denying Petitioner's Motion for Reconsideration as failing to make a colorable showing of manifest error of law, newly discovered evidence, or intervening authority.